IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLY JEAN DASHER,                                6:12-CV-02318-BR

       Plaintiff,                             OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,[1]

       Defendant.


BRENDA S. MOSELEY
320 Central Avenue
Suite 422
Coos Bay, OR 97420
(541) 266-0436

       Attorney for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**DIANA SWISHER ANDSAGER**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 675-3708

       Attorneys for Defendant

**BROWN, Judge.**

      Plaintiff Kelly Jean Dasher seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

      Plaintiff filed applications for DIB and SSI on December 18, 2006, and alleged a disability onset date of January 1, 2002.

2 - OPINION AND ORDER

Tr. 98-114.[2]  Her applications were denied initially and on reconsideration.  Tr. 65-68, 74-77, 80-85.  An Administrative Law Judge (ALJ) held a hearing on August 22, 2008.  Tr. 23.  At the hearing.  Plaintiff and a vocational expert (VE) testified.  Tr. 23-64.  Plaintiff was represented by an attorney.  Tr. 23.

On September 10, 2008, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 13-22.  On March 13, 2009, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  Tr. 1-4.  Plaintiff appealed the decision of the Commissioner to this Court.

On November 29, 2010, this Court issued an Opinion and Order in which it remanded the matter to the Commissioner for further proceedings with instructions for the Commissioner to consider (1) the September 9, 2008, opinion of consulting physician William Bennett, M.D.; (2) any supplement to the record related to the severity of Plaintiff's wrist impairments; (3) whether Plaintiff's wrist impairments are severe and impair her ability to perform work-related functions; and (4) any cumulative effect of obesity.  Tr. 447.

On remand the ALJ conducted a hearing on November 16, 2011.  At the hearing Plaintiff was represented by an attorney.

---

[2] Citations to the official transcript of record filed by the Commissioner on November 12, 2013, are referred to as "Tr."

3 - OPINION AND ORDER

Plaintiff and a VE testified. The ALJ issued a decision on December 23, 2011, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 305-30. The ALJ's decision became the final decision of the Commissioner on October 17, 2012, when the Appeals Council denied Plaintiff's request for review. Tr. 297-300.

## BACKGROUND

Plaintiff was born on June 2, 1966. Tr. 100. Plaintiff was 42 years old at the time of the first hearing and 45 years old at the time of the second hearing. Plaintiff has a high-school education. Tr. 337. Plaintiff has past relevant work experience as a truck driver, store laborer, sales clerk, front-end loader operator, cashier, machine packager, and warehouse order checker. Tr. 27-33, 54-55, 126-44.

Plaintiff alleges disability due to heel pain; bilateral carpal tunnel and tendinitis; swelling and pain in her wrists, hands, elbows, knees, and ankles; and depression. Tr. 37-53, 146, 159-60, 162, 179-81, 209, 212.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 315-20.

4 - OPINION AND ORDER

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

5 - OPINION AND ORDER

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments. 20 C.F.R.

6 - OPINION AND ORDER

§§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform

7 - OPINION AND ORDER

work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since her January 1, 2002, alleged onset date.  Tr. 310.

At Step Two, the ALJ found Plaintiff has the severe impairments of a major depressive disorder, a personality disorder, obesity, mild right carpal-tunnel syndrome, right epicondylitis, plantar fasciitis, right shoulder arthritis, and

8 - OPINION AND ORDER

fibromyalgia.  Tr. 311.  The ALJ found Plaintiff's impairments of diabetes, eczema, and left carpal-tunnel syndrome were not severe and Plaintiff's alleged degenerative joint disease of the left knee was a "non-medically determinable impairment."  Tr. 311.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 311-12.  The ALJ found Plaintiff has the RFC to perform light work; to lift and to carry ten pounds frequently and 20 pounds occasionally; to stand and to walk six hours in an eight-hour workday; to sit for six hours in an eight-hour workday; to balance, to stoop, to kneel, to crouch, and to crawl; to handle and to finger "with the right upper extremity" frequently; and to climb stairs and ramps occasionally.  Tr. 313.  The ALJ limited Plaintiff "to unskilled work of routine, repetitive tasks with simple instructions and only occasional, brief contact with coworkers and the general public."  Tr. 313.

At Step Four, the ALJ concluded Plaintiff is not capable of performing her past relevant work.  Tr. 321.

At Step Five, the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy.  Tr. 321.  Accordingly, the ALJ found Plaintiff is not disabled.

**DISCUSSION**

Plaintiff contends the ALJ erred when he (1) improperly rejected Plaintiff's testimony; (2) improperly rejected the opinion of physical therapist (P.T.) Tom Zomerschoe; (3) gave "little weight" to parts of the opinions of Raymond Nolan, M.D., and Martin Lahr, M.D.; and (4) did not include all of Plaintiff's limitations in his evaluation of Plaintiff's RFC.

**I.  The ALJ did not err when he partially rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred by failing to provide clear and convincing reasons for partially rejecting Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and

10 - OPINION AND ORDER

convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

At the hearing Plaintiff testified she could not work due to pain in her hands, feet, and ankles and also due to her depression.  Although she does cleaning at Curves once a week in exchange for a membership with that organization, Plaintiff testified she can only work for about 30 minutes before taking a break.  Plaintiff also testified she had been helping a woman clean houses for two hours per day, but she needed to take breaks after working for 30 to 45 minutes.  Plaintiff testified she "can't keep anything in [her] hands or hold[] things in [her] hands because of the pain" from carpel-tunnel syndrome.  Tr. 352.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause some of [Plaintiff's] alleged symptoms," but he concluded Plaintiff's testimony "concerning the intensity, persistence, and limiting effects" of her symptoms was "not credible."  Tr. 315.  The ALJ also pointed out that Plaintiff reported to her medical providers on several occasions that she "walked everywhere."  Tr. 273, 315, 750, 805, 837, 861.  Plaintiff also reported exercising up to

11 - OPINION AND ORDER

five times per week. Tr. 796, 801, 869, 892. The ALJ also noted an electrodiagnostic study of Plaintiff's wrists showed only mild right carpal-tunnel syndrome, "very mild" left carpal-tunnel syndrome, and no evidence of ulnar nerve neuropathy. Tr. 316, 774, 809. The ALJ noted Plaintiff's medical providers found she walked with a normal gait in contrast to her complaints of constant debilitating foot pain. Tr. 712, 747, 853, 857, 873, 876, 905.

The ALJ found Plaintiff also made inconsistent statements about her depression and social functioning. For example, Plaintiff testified she had difficulty getting along with people due to her depression, but she stated in her Adult Function Report that she spent time with others and did not have any problem getting along with other people. Tr. 186, 312, 652-53. Plaintiff reported to consultative examiner James Wahl, Ph.D., that her primary complaints were exclusively physical, but she reported to consultative examiner Gail Wahl, Ph.D, that she had "a longstanding problem with depression." Tr. 286, 319, 892.

On this record the Court finds the ALJ provided clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff's testimony was not entirely credible as to the intensity, persistence, and limiting effects of her conditions. The Court, therefore, concludes the ALJ did not err when he rejected Plaintiff's testimony in part.

12 - OPINION AND ORDER

**II.  The ALJ did not err when he gave "little weight" to the opinion of P.T. Zomerchoe.**

Plaintiff contends the ALJ erred when he failed to include in Plaintiff's RFC the limitations set out in P.T. Zomerschoe's opinion.  In March 2007 P.T. Zomerschoe conducted a functional capacity evaluation of Plaintiff.  P.T. Zomerschoe concluded Plaintiff could stand for a maximum of five minutes at a time and for a total of two hours in an eight-hour work day, could walk for one hour at a time for a total of two hours in an eight-hour work day, and could sit for 30 minutes at a time for a total of six hours in an eight-hour work day.  Tr. 232.

Medical sources are divided into two categories: "acceptable" and "not acceptable."  20 C.F.R. § 416.902.  Acceptable medical sources include licensed physicians and psychologists.  20 C.F.R. § 416.902.  Medical sources classified as "not acceptable" include, but are not limited to, nurse practitioners, therapists, licensed clinical social workers, and chiropractors.  SSR 06-03p, at *2.  The Social Security Administration notes:

> Opinions from . . . medical sources, who are not
> technically deemed acceptable medical sources
> under our rules, are important and should be
> evaluated on key issues such as impairment
> severity and functional effects, along with the
> other relevant evidence in the file.

SSR 06-03p, at *3.

13 - OPINION AND ORDER

As noted, the ALJ gave P.T. Zomerschoe's opinion little weight on the grounds that it was based on a one-time evaluation of Plaintiff; P.T. Zomerschoe was "overly accepting of [Plaintiff's] subjective complaints"; and P.T. Zomerschoe's opinion was inconsistent with the opinions of other medical professionals including examining physician DeWayde Perry, M.D.

On this record the Court concludes the ALJ did not err when he gave P.T. Zomerschoe's March 2007 opinion "little weight" because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**III. The ALJ did not err when he gave little weight to portions of the opinions of Drs. Nolan and Lahr.**

Plaintiff contends the ALJ erred when he gave little weight to the opinions of Dr. Nolan, examining physician, and Dr. Lahr, nonexamining medical consultant.

An ALJ may reject an examining physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32.

14 - OPINION AND ORDER

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  *Id.* at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so.  *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

    **A.   Dr. Nolan**

On August 8, 2009, Plaintiff underwent an administrative examination by Dr. Nolan.  Dr. Nolan noted Plaintiff did not have any problems with memory or calculation on testing, walked with a normal gait, could walk on her toes and heels, and could hop on either foot.  Tr. 712.  Although Plaintiff had some tenderness of the bilateral epicondyle and crepitus on the right epicondyle, she could make a full fist and her grip strength was normal.  Tr. 713.  Fibromyalgia testing did not reveal any tenderness "involving the greater occipital groove, mid trapezius interscalene or infrascapular areas" nor did it show any "posterior iliac crest tenderness or trochanteric

15 - OPINION AND ORDER

tenderness." Tr. 713. Dr. Nolan opined Plaintiff could stand and/or walk for less than two hours in an eight-hour work day, could sit six hours in an eight-hour work day, and should avoid "repetitive hand and wrist activity[,] . . . pushing and pulling activities involving her right upper extremity and . . . left upper extremity to a less rigorous degree[, and using] her right upper extremity overhead." Tr. 714. Dr. Nolan found Plaintiff's communication skills were "adequate." Tr. 714.

The ALJ gave Dr. Nolan's assessments related to Plaintiff's "manipulative limitations" little weight on the ground that they were contradicted by the objective findings of the nerve-conduction testing in which Plaintiff was found to have only mild right carpal-tunnel syndrome, very mild left carpal-tunnel syndrome, and no other deficits. Tr. 318. The ALJ also gave Dr. Nolan's opinion little weight as to Plaintiff's limitations "concerning standing and walking" on the ground that those limitations were "internally inconsistent with [Plaintiff's] lack of differentiation between pain with weight bearing and without" and also with Plaintiff's self-reports of walking everywhere and working out three to five times per week. Tr. 318.

On this record the Court concludes the ALJ did not err when he rejected Dr. Nolan's assessment of Plaintiff's manipulative limitations and limitations on standing and walking

16 - OPINION AND ORDER

because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**B.   Dr. Lahr**

On August 17, 2009, Dr. Lahr, Disability Determination Services (DDS)[3] examiner, completed a Physical Residual Functional Capacity Assessment (PFRT) of Plaintiff.  Dr. Lahr opined Plaintiff was capable of lifting and carrying 20 pounds occasionally and ten pounds frequently, standing or walking six hours in an eight-hour work day, and sitting for six hours in an eight-hour work day.  Dr. Lahr found Plaintiff should avoid frequent pushing and pulling with her right upper extremity and that Plaintiff could only occasionally handle, finger, and reach overhead with her right upper extremity.

The ALJ gave little weight to Plaintiff's "postural and manipulative limitations" as assessed by Dr. Lahr on the grounds that his conclusions are contradicted by the electrodiagnostic testing of Plaintiff's upper extremities and the level of Plaintiff's reported exercise and activity.

On this record the Court concludes the ALJ did not err when he rejected Dr. Lahr's assessment of Plaintiff's manipulative limitations and limitations on standing and walking

---

[3] DDS is a federally funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a) and 20 C.F.R. § 416.903.

17 - OPINION AND ORDER

because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

### IV. The ALJ did not err in his assessment of Plaintiff's RFC.

Plaintiff contends the ALJ erred in his assessment of Plaintiff's RFC because the ALJ failed to include Plaintiff's limitations set out in the opinions of P.T. Zomerschoe and Drs. Nolan and Lahr.

Because the Court has found the ALJ properly rejected or gave little weight to the opinions of Drs. Nolan and Lahr and P.T. Zomerschoe, the Court concludes the ALJ did not err when he did not consider any limitations based on those opinions in his assessment of Plaintiff's RFC.

### CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 19th day of June, 2014.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

18 - OPINION AND ORDER